# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Samuel Edeh, | Civil No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| D. Scott Carruthers Attorneys at Law a/k/a D. Scott Carruthers and Associates, LLC, Dennis Scott Carruthers *individually*, and James Nelson *individually*, | |
| Defendant. | **JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), and the Unauthorized Practice of Law, Minn. Stat. § 481.02, by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## PARTIES

4.      Plaintiff Samuel Edeh is a natural person who resides in the City of Rochester, County of Olmstead, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant D. Scott Carruthers, Attorneys at Law a/k/a D. Scott Carruthers and Associates, LLC (hereinafter "Defendant DSC") is a collection agency operating from an address of 8448 Katella Avenue, Stanton, CA  90680, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant Dennis Scott Carruthers (hereinafter "Defendant Carruthers") is a natural person and CA attorney with CA State Bar Number #68745, who operates at all times relevant herein operated Defendant DSC and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)

7.      Defendant James Nelson (hereinafter "Defendant Nelson") is a natural person and "litigation coordinator" who was employed at all times relevant herein by Defendant DSC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.    At all times relevant to this Action, Plaintiff is informed and believes, and thereon alleges, that Defendants conducted business within the State of California and used instrumentalities of interstate commerce such as the United States Mail in the business of collecting "consumer debts" in the State of Minnesota.

9.    On or around 2008, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Checking Account debt with US Bank, in the approximate amount of $ 476.92, which was used by Plaintiff for personal, family and household purchases.

10.   Plaintiff's alleged "debt" was money, property, or their equivalent, which was due or owing, or alleged to be due or owing, from a natural person to another person, and was therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

11.   Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff.

### October 24, 2009 Collection Letter

12.     On or about October 24, 2009, Defendant DSC's collector, Defendant Nelson caused to be sent, a letter on Defendants DSC's letterhead, to Plaintiff attempting to collect the alleged debt originally claimed to be owed to US Bank, now alleged to be due to Defendant Regent Asset Management Solutions in the amount of $624.92. A copy is attached hereto as <u>Exhibit A</u>.

13.     This letter was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14.     <u>Exhibit A</u> states in pertinent part:

> You have defaulted on your US Bank checking account in the amount of $476.26. Pursuant to your contractual agreement, interest has accrued in the amount of $148.66. You currently owe $624.92.
>
> To assist in settling this matter, Regent is currently willing to waive half of the accrued interest on your account and accept $550.59 as payment in full. If you are willing to accept these settlement terms, please contact Regent's office immediately at **1-866-816-3791**.
>
> If you have not contacted Regent to discuss this settlement offer within 14 days, I will begin preparing your case for a lawsuit to be filed in Olmsted County by investigating your employment, assets and banking information. If it is necessary to have a court enforce this contract, court costs and attorney fees will be added to the amount you owe and the settlement offer will be revoked.

15.     Exhibit A bears the typewritten name, "James Nelson, Litigation Coordinator," with a phone number of 1-866-645-9544.

16.   Defendants' communication misstated the character, amount, or legal status of the alleged debt in violation of 15 U.S.C § 1692e(2).

17.   Defendants' communication threatened to take an action that could not legally be taken or was not intended to be taken in violation of 15 U.S.C § 1692e(5).

18.   Defendants' communication failed to include a 30-day validation notice as required by 15 U.S.C § 1692g.

19.   Defendants' communication failed to state that Plaintiff had the right to dispute the debt within 30 days as required by 15 U.S.C § 1692g(a)(3).

20.   Defendants' communication failed to state that Plaintiff had the right to have verification mailed to him as required by 15 U.S.C. § 1692g(a)(4).

21.   This letter from Defendant Nelson was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692g, 1692g(a)(3), and 1692g(a)(4) amongst others.

22.   Defendant's actions in failing to comply with 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692g, 1692g(a)(3), and 1692g(a)(4) amongst others constituted false, deceptive, or otherwise misleading representations or means in connection with the collection of this alleged debt, it therefore is also a communication and a violation of Cal. Civ. Code § 1788.17.

### *Unauthorized Practice of Law*

23.   Minn. Stat. § 481.02 states in pertinent part:

> **481.02 UNAUTHORIZED PRACTICE OF LAW.**
> Subdivision 1. Prohibitions. **It shall be unlawful for any person or association of persons, except members of the bar of Minnesota admitted and licensed to practice as attorneys at law,** to appear as attorney or counselor at law in any action or proceeding in any court in this state to maintain, conduct, or defend the same, except personally as a party thereto in other than a representative capacity, or, **by word, sign, letter, or advertisement, to hold out as competent or qualified to give legal advice or counsel,** or to prepare legal documents, or as being engaged in advising or counseling in law or acting as attorney or counselor at law, or in furnishing to others the services of a lawyer or lawyers, or, for a fee or any consideration, to give legal advice or counsel, perform for or furnish to another legal services, or, for or without a fee or any consideration, to prepare, directly or through another, for another person, firm, or corporation, any will or testamentary disposition or instrument of trust serving purposes similar to those of a will, or, for a fee or any consideration, to prepare for another person, firm, or corporation, any other legal document, except as provided in subdivision 3.

24.   The threat to commence litigation against a Minnesota resident in Minnesota on behalf of a foreign corporation is the practice of law and can only be done by licensed Minnesota attorneys.

25.   None of the Defendants are attorneys licensed to practice law in Minnesota.

26.   By threatening to bring suit against Plaintiff on behalf of their corporate client, Defendants have therefore engaged in the unauthorized practice of

law with respect to Plaintiff in violation of Minn. Stat. § 481.02, Subd. 1 and

are therefore liable for Plaintiff's actual damages, attorney's fees, and costs.

27.    It was a false and deceptive practice by Defendants to state, suggest or imply

that they were in fact authorized to practice law within this State when they

were not.

28.    Defendants' unauthorized practice of law in Minnesota was also a false and

deceptive practice in violation of numerous and multiple provisions of the

FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2),

1692e(5), 1692e(10), 1692f, 1692g, 1692g(a)(3), and 1692g(a)(4) amongst

others.

### *Summary*

29.    All of the above-described collection communications made to Plaintiff by

Defendant Carruthers, Defendant Nelson, and other collection employees

employed by Defendant DSC, were made in violation of numerous and

multiple provisions of the FDCPA, including but not limited to §§ 1692d,

1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692g, 1692g(a)(3), and

1692g(a)(4), amongst others.

30.    All of the above-described collection communications made to Plaintiff in

violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10),

1692f, 1692g, 1692g(a)(3), and 1692g(a)(4) amongst others by Defendants were also made in violation of Cal. Civ. Code § 1788.17.

31.    The above-detailed conduct by Defendants of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and the RFDCPA, including but not limited to all of the above mentioned provisions of the FDCPA and RFDCPA resulted in damages to Plaintiff.

### *Respondeat Superior Liability*

32.    The acts and omissions of Defendant Carruthers, Defendant Nelson and other debt collectors employed as agents by Defendant DSC who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant DSC.

33.    The acts and omissions by Defendant Carruthers, Defendant Nelson and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant DSC in collecting consumer debts.

34.    By committing these acts and omissions against Plaintiff, Defendant Carruthers, Defendant Nelson and these other debt collectors were motivated to benefit their principal, Defendant DCC.

35.   Defendant DSC is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, the California Rosenthal Fair Debt Collection Practices Act, and Minnesota law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

36.   Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

37.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.   The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

39.   As a result of each and every Defendant's violations of the FDCPA, Plaintiff
      is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory
      damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §
      1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15
      U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.

## VIOLATION OF THE

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE §§ 1788-1788.32 (RFDCPA)

40.   Plaintiff incorporates by reference all of the above paragraphs of this
      Complaint as though fully stated herein.

41.   The foregoing acts and omissions of Defendant constitute numerous and
      multiple violations of the RFDCPA as to this Plaintiff, including but not
      limited to Cal. Civ. Code § 1788.17, amongst others.

42.   As a result of each and every Defendant's violations of the RFDCPA,
      Plaintiff is entitled to their actual damages pursuant to California Civil Code
      § 1788.30(a); statutory damages for a knowing or willful violation in the
      amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and
      reasonable attorney's fees and costs pursuant to California Civil Code §
      1788.30(c), from each and every Defendant.

## COUNT III.

## UNAUTHORIZED PRACTICE OF LAW

## MINN. STAT. § 481.02

43.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.   Defendants' foregoing acts as described herein in attempting to collect these alleged debts by threatening to commence suit against him on behalf of its corporate client was the unauthorized practice of law in Minnesota.

45.   Plaintiff is therefore entitled to declaratory relief pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a, declaring Defendants' actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02.

46.   Plaintiff is entitled to injunctive relief pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a, enjoining Defendants from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02.

47.   Plaintiff is entitled to Plaintiff's attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II.

## VIOLATION OF THE

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE §§ 1788-1788.32 (RFDCPA)

- for an award of actual damages pursuant to California Civil Code § 1788.30(a) against each and every Defendant, in a reasonable an amount to be determined at trial for Plaintiff;

- for an award of statutory damages of $1,000.00 against each and every Defendant, pursuant to California Civil Code § 1788.30(b), and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees against each and every Defendant, pursuant to California Civil Code § 1788.30(c), and for Plaintiff; and

- for such other and further relief as may be just and proper.

## COUNT III.

## UNAUTHORIZED PRACTICE OF LAW

## MINN. STAT. § 481.02

- Declaring Defendants' actions as described herein to be the unauthorized practice of law in violation of Minn. Stat. § 481.02;

- Enjoining Defendants from engaging in the unauthorized practice of law in violation of Minn. Stat. § 481.02;

- Awarding Plaintiff attorney's fees, costs of investigation, and costs pursuant to Minn. Stat. § 481.02 subd. 8, and § 8.31 subdivisions 3 and 3a;

- and, for such other and further relief as may be just and proper.

*Signature Block Follows*

Dated: July 1, 2010                    Respectfully submitted,

**WHEATON LAW GROUP, PLLC**

By:  **s/Christopher S. Wheaton**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone:  (612) 379-3191
Facsimile: (612) 605-2102
cswheaton@wheatonlawgroup.com

csw                                    **Attorney for Plaintiff**

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )

) ss

COUNTY OF _____OLMSTED_____ )

Plaintiff Samuel Edeh, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____

Samuel Edeh

Subscribed and sworn to before me this ___1st___ day of July, 2010.

_____

Notary Public

SHERRY NORRIS
Notary Public
Minnesota
My Commission Expires Jan. 31, 2011