# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Samuel Edeh,

                      Plaintiff,

v.

D. Scott Carruthers Attorneys at Law a/k/a
D. Scott Carruthers and Associates, LLC, and
Dennis Scott Carruthers individually,

                      Defendants.

Civ. No. 10-2860 (RHK/JSM)
**FINDINGS OF FACT,
CONCLUSIONS OF LAW,
AND ORDER**

---

This matter came before the Court on Plaintiff's Motion for Partial Default Judgment against Defendants D. Scott Carruthers Attorneys at Law a/k/a D. Scott Carruthers and Associates, LLC ("C&A") and Dennis Scott Carruthers individually (collectively, "Defendants").[1]  A hearing was held on the Motion on December 1, 2010.  Christopher S. Wheaton, Esq. appeared on behalf of the Plaintiff; there was no appearance for Defendants.

## **FINDINGS OF FACT**

    1.    Plaintiff filed a Summons and Complaint in this matter on July 6, 2010.

    2.    The Summons and Complaint were served on Defendants on July 13, 2010, by personally delivering them to Dennis Scott Carruthers, who is also the registered agent of D. Scott Carruthers Attorneys at Law.

---

[1] Edeh originally sued an additional defendant—James Nelson—but he has since voluntarily dismissed his claims against Nelson.  (Doc. Nos. 16, 17.)

3. Defendants failed to file and serve a response or Answer to the Summons and Complaint.

4. Defendant C&A is a collection agency operating out of California.

5. Defendant Carruthers is a California attorney who, at all times relevant to this matter, operated Defendant C&A.

6. In or around 2008, Plaintiff incurred a financial obligation, namely a Checking Account debt with U.S. bank, in the approximate amount of $476.92, which he used for personal, family, and household purchases.

7. On or about October 24, 2009, Defendants' employee sent a letter to Plaintiff attempting to collect the alleged debt.  This letter alleged that the debt was now due to Regent Asset Management Solutions in an amount of $624.92.  The letter provided that Regent was willing to waive half of the accrued interest and accept $550.59 as payment in full of Plaintiff's debt.  It further provided that if Plaintiff did not contact Regent to discuss the settlement offer within 14 days, Defendants would begin preparing the case for a lawsuit to be filed in Olmsted County, Minnesota.  The letter was signed by James Nelson, the "Litigation Coordinator" for Defendants.  It also stated: "This communication is from a debt collector.  It is an attempt to collect a debt and any information obtained will be used for that purpose."

8. Plaintiff incurred $2,940 in reasonable attorney fees and $638 in litigation costs in the course of prosecuting the claims against Defendants on which he now seeks default judgment.

## CONCLUSIONS OF LAW

1. Defendants are in default and Plaintiff is entitled to entry of Defendants' default and a partial default judgment.

2. Defendants' conduct violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1629 *et seq.* and the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788–1788.32.

3. For their violation of the FDCPA, Defendants are liable to Plaintiff for statutory damages in the amount of $500 pursuant to 15 U.S.C. § 1629k(a)(2)(A),[2] as well as litigation costs and reasonable attorney fees incurred in prosecuting his claims pursuant to 15 U.S.C. § 1629k(a)(3).

4. For their violation of the RFDCPA, Defendants are liable to Plaintiff for statutory damages in the amount of $100 pursuant to Cal. Civ. Code § 1788.30(b).

5. Defendants are liable to Plaintiff for $3,578.00 for his reasonable attorney fees and costs.

## ORDER

Based on the foregoing, **IT IS ORDERED** that:

1. The Clerk shall enter Defendants' Default under Fed. R. Civ. P. 55(a).

2. Plaintiff's Motion for Partial Default Judgment against Defendants (Doc. No. 12) in the amount of $4,178.00 is **GRANTED**.

---

[2] "In assessing statutory damages [under the FDCPA], a district court considers: (1) the frequency and persistence of non-compliance; (2) the nature of such non-compliance; (3) the extent to which the non-compliance was intentional." Lester E. Cox Med. Ctr. v. Huntsman, 408 F.3d 989, 993 (8th Cir. 2005) (citing 15 U.S.C. § 1692k(b)(1)).

Dated: December 1, 2010                     s/ Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge