UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Samuel Edeh,

                Plaintiff,

                                    Civ. No. 10-2860 (RHK/JSM)
                                    **ORDER**

v.

D. Scott Carruthers Attorneys at Law a/k/a
D. Scott Carruthers and Associates, LLC, and
Dennis Scott Carruthers individually,

                Defendants.

---

      This matter is before the Court *sua sponte*.

      Plaintiff Samuel Edeh commenced this action in July 2010 against Defendants D. Scott Carruthers Attorneys at Law a/k/a D. Scott Carruthers and Associates, LLC, and Dennis Scott Carruthers, individually (collectively, "Defendants").[1] He asserted three claims in his Complaint – Counts I and II alleged violations of federal and state debt-collection laws, for which Edeh sought statutory damages and attorney's fees, and Count III alleged that Defendants were engaged in the unlicensed practice of law in Minnesota, for which he sought declaratory and injunctive relief, attorney's fees, and other costs. Neither Defendant answered the Complaint or otherwise appeared.

      On October 4, 2010, Edeh moved for a partial default judgment, seeking judgment on Counts I and II. (See Doc. No. 12.) On December 1, 2010, the Court granted Edeh's

---

[1] Edeh also sued James Nelson, but he later voluntarily dismissed those claims. (See Doc. Nos. 16, 17.)

Motion, finding that he was entitled to recover from Defendants the sum of $4,178. The Court did *not* direct the entry of judgment at that time, however, because Count III remained pending. See Fed. R. Civ. P. 54(b). Nevertheless, it appears that the Clerk of the Court inadvertently entered judgment in this case on December 3, 2010. (See Doc. No. 20.)

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. The Judgment entered on December 3, 2010 (Doc. No. 20) is **VACATED**; and

2. Edeh's counsel is **ORDERED** to inform the Court in writing, on or before May 6, 2011, whether Edeh intends to prosecute Count III of the Complaint. If so, counsel should also advise the Court how he intends to proceed on that claim (*i.e.*, what discovery is necessary, a proposed schedule for resolving the claim, etc.). If not, counsel should also file a notice of dismissal of Count III pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), in which case the Court will enter a new judgment in Edeh's favor for $4,178 pursuant to its December 1, 2010 Order. The failure to timely respond to this Order will result in the dismissal of Count III for failure to prosecute and the entry of a new judgment as described immediately above.

Finally, the Court has been advised that Edeh's counsel has informed Edeh that he no longer represents Edeh in this matter because this case has concluded. Because the judgment was inadvertently entered, however, the case remains alive and Edeh's counsel remains counsel of record. He may withdraw only with leave of Court. See D. Minn. LR

83.7. Edeh's Counsel is **DIRECTED** to mail a copy of this Order to Edeh at his last-known address.

Dated: April 20, 2011

                s/Richard H. Kyle
                RICHARD H. KYLE
                United States District Judge