UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SAMUEL EDEH,                                                              CIVIL NO. 10-2860 (RJK/JSM)

      Plaintiff,                                                              REPORT AND RECOMMENDATION

v.

D. SCOTT CARRUTHERS,
ATTORNEYS AT LAW,
a/k/a/ D. SCOTT CARRUTHERS
and ASSOCIATES, LLC and DENNIS
SCOTT CARRUTHERS, individually.

      This matter came before the Court on September 12, 2011 on plaintiff's Motion for Contempt [Docket No. 35] and this Court's Order to Show Cause [Docket No. 38]. Plaintiff Samuel Edeh appeared pro se. There was no appearance by or on behalf defendants. Based upon the pleadings and arguments of plaintiff, pursuant to 28 U.S.C. §636(e), this Court certifies to the District Court the Findings of Fact set forth below, and makes the following recommendations for the reasons articulated in this Report and Recommendation:

      1.     Defendant Scott Carruthers be found in contempt of Court pursuant to Rule 37(b)(2)(D).

      2.     Carruthers be arrested immediately by the United States Marshal and detained until he purges the contempt by complying with the June 20, 2011 Order compelling him to answer plaintiff's post-judgment discovery.

**I.     FINDINGS OF FACT**

      In connection with the Order to Show Cause and in support of this Court's recommendation that Carruthers be held in contempt, the undersigned enters the following Findings of Fact.

1. Plaintiff filed a Summons and Complaint in this matter on July 6, 2010 and served the summons and complaint on defendants on July 13, 2010. Affidavit of Service [Docket No. 2]; Findings of Fact, Conclusions of Law and Order, p. 1. [Docket No. 18]. Plaintiff alleged that Scott Carruthers, Attorneys at Law and Scott Carruthers in his individual capacity violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, and the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§1788-1788.32 for their attempt to collect a debt from plaintiff. Complaint, ¶2 [Docket No. 1]. Count III of Plaintiff's complaint alleged that defendants were engaged in the unlicensed practice of law in Minnesota. Id., ¶23-26, 43-47.

2. Defendant Carruthers is a California attorney who operates D. Scott Carruthers, Attorneys at Law ("DSC"). DSC is a collection agency. Complaint, ¶5.

3. Defendant failed to answer the Complaint and on October 4, 2010 plaintiff moved for partial default judgment, seeking judgment on Counts I and II of the Complaint. [Docket No. 12].

4. On December 1, 2010 Judge Richard Kyle entered an order concluding that defendants were in default and plaintiff was entitled to entry of default and a partial default judgment. Findings of Fact, Conclusions of Law and Order, p. 3. Judge Kyle further concluded that defendants were liable to plaintiff for statutory damages of $500 for violating the FDCPA, $100 for violating the RFDCPA and $3,578 for plaintiff's reasonable attorney fees and costs. Id. Judge Kyle granted plaintiff's motion for partial default judgment against the defendants in the amount of $4178.00. Id. The Court did not direct entry of judgment at that time because Count III remained pending. However, the Clerk of Court inadvertently entered judgment on December 3, 2010 [Docket No. 20]. The Court ordered

that the December 3, 2010 judgment be vacated and ordered plaintiff's counsel to inform the Court on or before May 6, 2011 as to whether plaintiff intended to prosecute his claim for unauthorized practice of law (Count III of his Complaint). Order, April 20, 2011 [Docket No. 21].

5. Plaintiff voluntarily dismissed Count III of his Complaint and the Court ordered entry of judgment on the remaining claims on April 25, 2011 [Docket No. 24].

6. Plaintiff served post-judgment discovery on defendants on April 8, 2011. Affidavit of Samuel Edeh, ¶3 [Docket No. 28]. When defendants failed to answer the discovery, plaintiff moved the Court for an order compelling defendants' answers. Motion for Discovery [Docket No. 26]

7. On May 19, 2011, this Court issued an order requiring defendants to serve and file a response to plaintiff's Motion to Compel Discovery on or before June 7, 2011. Order [Docket No. 32]. Defendants did not comply with this order and did not respond in any way to either the Court or to plaintiff. This Court granted plaintiff's motion to compel post-judgment discovery. Order, June 20, 2011 [Docket No. 34]. The Court's order commanded Carruthers to respond to plaintiff's interrogatories and request for production within ten days of his receipt of the order. Plaintiff served a copy of this order on Carruthers by certified mail. Certificate of Service [Docket No. 37].

8. Carruthers did not respond to plaintiff's discovery and did not communicate in any way with plaintiff or the Court regarding the discovery.

9. On July 4, 2011 plaintiff moved this Court for an Order to Show Cause as to why Carruthers should not be held in contempt for failing to comply with this Court's Order dated June 20, 2011. Motion for Order to Show Cause [Docket No. 35]. On July 13, 2011,

this Court entered an Order to Show Cause ordering defendants to appear before the undersigned on September 12, 2011 at 11:00 a.m. Order, p. 1 [Docket No. 38]. The Court's Order to Show Cause required personal service of the Order on defendants and required plaintiff to file an affidavit of service with the Court. Id. In accordance with the Court's order, plaintiff effected personal on defendants on July 19, 2011 and filed a certificate of service with the Court. [Docket No. 39].

10. Carruthers did not respond in writing to the Order to Show Cause; he did not appear at the hearing on September 12, 2011; he did not contact the Court or plaintiff regarding the motion; and he has not answered plaintiff's discovery. At the hearing, plaintiff stated that Carruthers has made no payments toward the outstanding judgment amount of $4178.00.

## II.    DISCUSSION

Carruthers has failed to pay his judgment debt and has refused to comply with discovery requested by plaintiff and ordered by this Court. For the purposes of this Report and Recommendation, the Court will limit its discussion to an appropriate response to Carruthers' failure to cooperate with court-ordered discovery.

The court may hold a party violating a discovery order in contempt of court. Fed.R.Civ.P. 37(b)(2)(A)(vii). The contempt power of the court is described by 18 U.S.C. § 401:

> A court of the United States shall have such power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as-- (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transactions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Civil contempt is "designed both to coerce obedience and to compensate the complainant for losses sustained." Chao v. McDowell, 198 F. Supp. 2d 1093, 1098 (E.D. Mo. 2002).  A finding of civil contempt may be used to coerce Carruthers' compliance with this Court's discovery order.  The party seeking civil contempt bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnors violated the court's orders.  The burden then shifts to the alleged contemnors to show an inability to comply.  A mere assertion of "present inability" is insufficient to avoid a civil contempt finding.  Rather, alleged contemnors defending on the ground of inability must establish: (1) that they were unable to comply, explaining why "categorically and in detail;" (2) that their inability to comply was not "self-induced;" and (3) that they made "in good faith all reasonable efforts to comply." Chicago Truck Drivers Union Pension Fund v. Brotherhood Labor Leasing, 207 F.3d 500, 506 (8th Cir. 2000).  Here, where Carruthers has made no appearance in connection with the Court's discovery order or the Order to Show Cause and has had no communication with the Court or plaintiff, no evidence has been presented to establish any of the grounds for "present inability" to comply.

"Civil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." United Mine Workers of America v. Bagwell, 512 U.S. 821, 827 (1994). "The traditional options for civil contempt sanctions include . . . fines payable to the Court, compensatory fines payable to victims, fees and expenses of litigation, or modification

of the permanent injunction." United States v. Dinwiddie, 885 F. Supp. 1299, 1304 (W.D. Mo. 1995). Also, when circumstances warrant, the Court may "coerce obedience to its orders by summarily holding a recalcitrant person . . . in civil contempt and then imprisoning him until he complies." In re Crededio, 759 F.2d 589, 590 (7th Cir. 1985). However, "[w]hen civil contempt sanctions lose their coercive effect, they become punitive and violate the contemnor's due process rights." Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1530 (11th Cir. 1992) (citing In re Grand Jury Proceedings (Howald), 877 F.2d 849, 850 (11th Cir.1989)). Thus, a punitive sanction is inappropriate for civil contempt. "The Court has broad discretion to design a remedy that will bring about compliance." Paramedics Electromedicina Comercial, Ltda. V. GE Med. Sys., 369 F.3d 645, 657 (2d Cir. 2004). Carruthers' compliance with this Court's order of June 20, 2011 compelling him to answer plaintiff's discovery requests is the desired outcome of a contempt sanction. When imposing a civil contempt sanction, the following four factors must be assessed: (1) the harm from noncompliance; (2) the probable effectiveness of the sanction; (3) the financial resources of the contemnor and the burden the sanctions may impose; and (4) the willfulness of the contemnor in disregarding the court's order. See United States v. United Mine Workers, 330 U.S. 258, 303-304 (1947). The record must reflect that these factors were considered. Id.

The first factor addresses the harm that will result from noncompliance with the Court's order. The primary harm at issue is monetary. Despite the judgment being entered, plaintiff has not received any payment toward that judgment. Simply put, Carruthers' refusal to respond to plaintiff's discovery regarding his financial situation is

6

an obstacle to plaintiff's collection of the judgment. Carruthers has never responded in any way to plaintiff's discovery, motions or this Court's orders. Holding Carruthers in contempt is the only way to ensure that plaintiff obtains the post-judgment discovery to which he is entitled.

In examining the probable effectiveness of the sanction, the Court concludes that imprisonment is the only effective sanction. A monetary sanction would be futile in this case because there is no indication that Carruthers would respond to such a sanction. In fact, Carruthers' complete failure to respond to plaintiff and to the Court indicates that financial consequences would have no effect on Carruthers' willingness to comply with the Court's order. At this point, the Court has no reason to believe that any sanction short of imprisonment will effectively compel Carruthers to comply with the Court's order.

The third factor assesses the financial resources of the contemnor and the burden the sanctions may impose. While Carruthers' present financial situation is unclear, he is a licensed attorney and is, according to the State Bar of California, on "active" status.[1] Ordering him to respond to the outstanding discovery in this case is not a directive with substantial financial consequences. All that was required of Carruthers in the Court's Order of June 20, 2011, is that he reply to plaintiff's discovery. The amount of discovery requested was not burdensome to the point that it should have any notable financial effect on Carruthers. While the sanction of imprisonment is undoubtedly burdensome for any civil contemnor, in this case imprisonment is the only

---

[1] http://members.calbar.ca.gov/fal/Member/Detail/68745.

way to coerce Carruther's cooperation in answering discovery. It is a sanction that can be quickly and inexpensively purged, if Carruthers is so inclined.

Finally, the Court looks at the willfulness of the contemnor in disregarding the court's order. The record indicates that Carruthers was personally served with the Court's Order to Show Cause. Affidavit of Service [Docket No. 39].[2] Yet he continues to flout the Court's orders by refusing to comply. The Court also notes that Carruthers is an attorney, and should be well aware of his obligations and the possible consequences of noncompliance with court orders. Clearly, Carruthers has willingly and willfully disregarded the Court's orders.

Based on the foregoing analysis, the Court concludes that the sanction of imprisonment is warranted in this case until Carruthers complies with this Court's Order dated June 20, 2011.

### III. **RECOMMENDATION**

For the reasons set forth above, it is recommended that:

1. Carruthers be found in contempt of Court pursuant to Rule 37(b)(2)(vii);
2. Carruthers be arrested immediately by the United States Marshal and detained until he purges the contempt by complying with the June 20, 2011, order compelling discovery responses.

---

[2] The process server's affidavit stated: "[s]ervice was made upon Mr. Scott D. Carruthers…at 1:34 p.m., when Mr. Carruthers returned to his office from lunch…I recognized Mr. Carruthers as I had previously served him prior to this date on a different matter…he walked strait (sic) to his office and then returned to the lobby to accept the documents. I then handed the documents to Mr. Carruthers. Once Mr. Carruthers realized what he was served with, Mr. Carruthers tossed the documents back at me and stated 'send it back to him' as he turned his back and returned to his office." Declaration of Robert Wonsch, Registered Process Server [Docket No. 39].

Dated: September 20, 2011                             *Janie S. Mayeron*
                                                      JANIE S. MAYERON
                                                      United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 4, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.